IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **BRENDA BUSH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-02613-MSN-atc |
| ) | |
| **GARDAWORLD SECURITY COMPANY** ) | |
| **and TAYLOR HUNTER,** ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
WITH LEAVE TO AMEND**

On September 26, 2023, Plaintiff Brenda Bush filed a *pro se* Complaint against Defendants GardaWorld Security Company ("GardaWorld") and Taylor Hunter, alleging that she was subjected to employment discrimination by Defendants in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq*. (the "ADA"). (ECF No. 1.) Also on September 26, 2023, Miller filed a motion to proceed *in forma pauperis* (ECF No. 3), which was subsequently granted (ECF No. 8). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons set forth below, it is recommended that Bush's claims be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. The Court further recommends that Bush be given thirty days to amend her ADA claims against GardaWorld, at which point her claims can once again be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2), but that her claims against Hunter be

disallowed. The Court further recommends that, should Bush fail to amend within thirty days, the Complaint be dismissed in its entirety consistent with the following.

## PROPOSED FINDINGS OF FACT

Bush filed her Complaint on a Court-supplied form, alleging that she was subjected to employment discrimination by Defendants in violation of the ADA through termination of her employment, failure to accommodate her disability, and retaliation. (ECF No. 1, at 1–3.) Though Bush alleges that she was discriminated against based on her disability, she never specifies in the Complaint what her disability is. (*Id*. at 1–6.)

Bush attached her EEOC Right to Sue Letter and Charge of Discrimination. (*Id.* at 7–13.) The Court takes judicial notice of these attachments to the Complaint. *See Harper v. Shelby Cnty. Gov't*, No. 2:15-cv-2502-STA-cgc, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) ("When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as they are referred to in the complaint and are central to the claims contained therein."). Nevertheless, these EEOC documents offer no additional insight into Bush's specific disability at issue in this case.

As discriminatory conduct, Bush alleges that, while working as a security guard for GardaWorld in Frasier, Tennessee, on February 8, 2023, her request for an accommodation of a computer chair was ignored when "higher people [at GardaWorld] never got back" with her. (ECF No. 1, at 10.) Bush further alleges that a separate accommodation request on March 2, 2023, for a weather mat due to "standing water in the shack" was denied. (*Id.*) Four days after that second request, Bush was informed that she was being moved to another location. (*Id.*) On March 8, 2023, Bush reported to her new assignment, but before getting into the building, she

suffered an on-the-job injury. (*Id.*) Bush does not identify the nature of the injury, whether it impacted her existing disability relating to the previous accommodation requests, or whether the injury allegedly constitutes a new disability. (*Id.*) On March 9, 2023, Bush was prohibited by her doctor from returning to work due to the injury. (*Id.*) On March 13, 2023, Bush's employment with GardaWorld was terminated. (*Id.*) Though Bush names Hunter as a Defendant (*id.* at 2), the Complaint and its attachments do not otherwise mention Hunter again.

## PROPOSED CONCLUSIONS OF LAW

**I.     28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

**II.    Standard of Review for Failure to State a Claim**

To determine whether Bush's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the]

plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are

4

properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

### III.     Bush's ADA Claims against GardaWorld

"The ADA prohibits discrimination by a covered entity 'against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation job training, and other terms, conditions, and privileges of employment.'" *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702–03 (6th Cir. 2008) (quoting 42 U.S.C. § 12112(a)).

"The ADA defines a 'disability' as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such an individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Id.* at 703 (quoting § 12102(1)(A)–(C)). "It is well settled that not every physical or mental impairment constitutes a disability under the specific parameters of the ADA." *Gamble v. Sitel Operating Corp.*, No. 2:15-2789-SHL-dkv, 2015 WL 13745085, at *6 (W.D. Tenn. Dec. 17, 2015), *report and recommendation adopted*, 2016 WL 1573004 (W.D. Tenn. Apr. 19, 2016) (quoting *Daugherty*, 544 F.3d at 703). "If an employee's condition does not meet one of these categories of disability even if he was terminated because of some medical condition, he is not disabled within the

5

meaning of the Act. The ADA is not a general protection for medically afflicted persons." *Walker v. Delta Med. Ctr.-Acadia*, No. 2:16-cv-02909-SHM-egb, 2017 WL 9440780, at *3 (W.D. Tenn. July 10, 2017), *report and recommendation adopted*, 2017 WL 3425188 (W.D. Tenn. Aug. 9, 2017) (quoting *Evola v. City of Franklin, Tenn.*, 18 F. Supp. 3d 935, 945 (M.D. Tenn. 2014)) (internal alterations omitted).

As is explained below, Bush's Complaint as presently constituted fails to state a claim for which relief may be granted as to any of the alleged ADA violations against GardaWorld. However, because Bush is proceeding *pro se*, the Court recommends that she be allowed thirty days to amend her Complaint to add sufficient details to any of the ADA claims against GardaWorld for which adequate support exists to sustain the cause of action.

A.  Bush's Claim for Failure to Accommodate

A claim of failure to accommodate requires a plaintiff to plead: "(1) she was disabled within the meaning of the ADA; (2) she was otherwise qualified for her position, with or without reasonable accommodation; (3) [her employer] knew or had reason to know about her disability; (4) she requested an accommodation; and (5) [her employer] failed to provide the necessary accommodation." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 839 (6th Cir. 2018) (citing *Deister v. Auto Club Ins. Ass'n*, 647 F. App'x 652, 657 (6th Cir. 2016)).

In pleading ADA claims, "[a] claimant need not . . . allege facts establishing a prima facie case of disability discrimination to survive a motion to dismiss under Rule 12(b)(6)." *Morgan v. St. Francis Hosp.*, No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002)); *see also Chapman v. Olymbec USA, LLC*, No. 2:18-cv-02842-SHM-tmp, 2019 WL 5684177, at *8 (W.D. Tenn. Nov. 1, 2019) ("The satisfaction of every element of a prima facie case at the motion-to-dismiss stage

6

is not required.") (citing *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012)). In other words, "so long as a complaint provided an adequate factual basis for a . . . discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Id.* at *2 (Griffin, J., concurring in part, dissenting in part) (quoting *Serrano v. Cintas Corp.*, 699 F. 3d 884, 897 (6th Cir. 2012)). Nevertheless, whether a plaintiff can state a prima facie case for discrimination "is illustrative of whether she has provided an adequate factual basis for her claims." *Chapman*, 2019 WL 5684177, at *5.

Although Bush's Complaint states that she requested disability accommodations from her employer, and that those accommodations were denied, the Complaint fails to disclose what her disability is. On the Complaint form, Bush checked the box indicating that she was discriminated against because of her disability, but she left blank the area directing her to state her disability. (ECF No. 1, at 4.) And the EEOC Right to Sue Letter and Charge of Discrimination attached to the Complaint does not identify her alleged disability. (*Id.* at 7–13.) Bush's failure to identify her disability is insufficient to put GardaWorld on notice of her claim. *See Currie v. Cleveland Metro. Sch. Dist.*, No. 1:15-cv-262, 2015 WL 4080159, at *4 (N.D. Ohio July 6, 2015) (collecting cases supporting the proposition that "[a] complaint alleging an ADA violation is properly dismissed for failure to identify a disability"); *see also Bush v. Millington Health Care*, No. 2:14-cv-02663-SHL-dkv, 2014 WL 6815418, at *9 (W.D. Tenn. Dec. 2, 2014) (dismissing the plaintiff's ADA claims for, *inter alia*, failing to identify the disability at issue); *Tate v. SCR Medical Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[S]urely a plaintiff alleging discrimination on the basis of an actual disability under 42 U.S.C. § 12102(1)(A) must allege a specific disability. . . . The defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify his disability.").

Based on the sparse details Bush provides in her Complaint and its attachments, it is unclear what disability she may have. As a result, GardaWorld cannot be said to be on notice of her claim. It is recommended that Bush's claim for failure to accommodate against GardaWorld be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and that she permitted to amend the claim to specify what her disability is.

B.  Bush's Claim for Wrongful Termination

Bush also checked the box in her Complaint indicating that GardaWorld discriminated against her by wrongfully terminating her employment. (ECF No. 1, at 3.) To state a claim for wrongful termination, Bush must allege: "(1) she has a disability, (2) she is 'otherwise qualified for the position, with or without reasonable accommodation,' (3) she 'suffered an adverse employment decision,' (4) her employer 'knew or had reason to know' of her disability, and (5) she was replaced or her position remained open." *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 395 (6th Cir. 2017) (quoting *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011)).

As with Bush's claim for failure to accommodate, her wrongful termination claim fails because she does not allege what her disability is. Bush's claim also fails to allege that her employer knew of her disability or that she was replaced (or her position remained open). *See Johnson v. Shelby Cnty. Sch.*, No. 2:17-cv-02144-JTF-dkv, 2017 WL 9477646, at *1 (W.D. Tenn. Mar. 9, 2017), *report and recommendation adopted*, 2017 WL 1326309 (W.D. Tenn. Apr. 11, 2017) (recommending dismissal under 28 U.S.C. § 1915(e)(2) where, even assuming the plaintiff had a real or perceived disability, she failed to allege "the last prong of the *prima facie* test, i.e., that she was replaced by a nondisabled person or that her position remained open while

8

the employer sought other applicants"). It is therefore recommended that this claim against GardaWorld also be dismissed and that Bush be permitted to amend it.

    C.    <u>Bush's Claim for Retaliation</u>

Bush's final cause of action against GardaWorld is for retaliation. Bush bears the initial burden in making such a claim, "which requires a showing that (1) the plaintiff engaged in activity protected under the ADA; (2) the employer knew of that activity; (3) the employer took an adverse action against plaintiff; and (4) there was a causal connection between the protected activity and the adverse action." *Rorrer v. City of Snow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing *A.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013)). "Protected activity typically refers to action taken to protest or oppose a statutorily prohibited discrimination." *Id.* (quoting *Goonan v. Fed. Rsrv. Bank of N.Y.*, 916 F. Supp. 2d 470, 484–85 (S.D.N.Y. 2013)).

Whereas Bush's other ADA claims may allege at least some of the elements of those causes of action, her claim for retaliation fails to allege a single element of such a claim. Bush has not alleged that she engaged in any protected activity for purposes of a retaliation claim, that GardaWorld knew of such activity, that GardaWorld took an adverse action against her after engaging in the protected activity, or that such adverse action was caused by the unspecified protected activity. It is therefore recommended that Bush's claim for retaliation against GardaWorld be dismissed and that she be permitted to amend it.

**IV.**    **Bush's ADA Claims Against Hunter**

Bush's ADA Claims against Hunter should be dismissed for the reasons set forth above, and also because the ADA does not provide for individual liability against coworkers or supervisors who do not independently qualify as employers under the Act.

9

Bush provides no specific allegations against Hunter; instead, the allegations of the Complaint and its attachments appear to be directed solely at GardaWorld. It is, thus, not clear whether Bush seeks to hold Hunter individually liable under the ADA as a co-worker, supervisor, or executive or under some other theory. Regardless, individual liability in not available under the ADA against other employees of a covered employer. *Ford v. Frame*, 3 F. App'x 316, 318 (6th Cir. 2001) (citations omitted); *see also Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999)) ("[I]ndividual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404–05 (6th Cir. 1997) (holding that individual liability is prohibited under Title VII and similar statutory schemes, such as the ADEA and the ADA) (collecting cases).

Because Bush failed to make any allegations against Hunter and because individual liability for coworkers and supervisors is not available under the ADA in any event, it is recommended that the claims against Hunter be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted and that Bush be disallowed from amending her claims against Hunter.

## **RECOMMENDATION**

For the foregoing reasons, this Court recommends that Bush's ADA claims against GardaWorld and Hunter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The Court further recommends that Bush be given thirty days to amend her claims against GardaWorld, at which point her claims can once again be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2), but that her

claims against Hunter be disallowed.  The Court further recommends that, should Bush fail to amend her Complaint, it be dismissed in its entirety consistent with the foregoing.

    Respectfully submitted this 22nd day of February, 2024.

                                                        s/Annie T. Christoff
                                                        ANNIE T. CHRISTOFF
                                                        UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.